# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHVEVILLE DIVISION
### 1:14-cv-285-FDW

| | | |
|---|---|---|
| MICHAEL ANTHONY DILWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| T. PRUETT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

THIS MATTER is before the Court on an initial review of Plaintiff's pro se complaint that was filed pursuant to 42 U.S.C. § 1983, and Plaintiff's application to proceed *in forma pauperis*.[1]

## I. BACKGROUND

Plaintiff is a prisoner of the State of North Carolina who is presently confined in the Marion Correctional Institution. In his complaint, Plaintiff alleges that the defendants are responsible for removing certain religious and legal materials and other personal effect from him and for seizing, destroying or losing some of these materials with a deliberate, sadistic and malicious purpose. Plaintiff also complains that he has not received proper medical treatment and that he was subjected to excessive force. In his claim for relief, Plaintiff seeks, among other things, punitive damages each against defendant and compensatory damages for "harm and injury" that was caused by the defendants. (1:14-cv-285, Doc. No. 1).

## II. STANDARD OF REVIEW

---

[1] The Court has examined Plaintiff's affidavit and his prisoner trust account and finds that he does not have sufficient funds from which to prepay the costs of this civil action. Plaintiff's motion to proceed *in forma pauperis* will therefore be allowed.

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III.    DISCUSSION

Plaintiff is a prisoner of the State of North Carolina and was so at the time that he filed his complaint. Accordingly, Plaintiff must abide by the mandatory requirements of the Prisoner Litigation Reform Act ("PLRA") which provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court noted that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citing Booth v.

Churner, 532 U.S. 731, 739 (2001)). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is housed and where the allegations supporting the complaint arose. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte examining the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683.

In North Carolina, State prisoners must complete a three-step administrative remedy procedure (ARP) in order to exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008).

In Plaintiff's complaint, he plainly admits that he has not exhausted his administrative remedies and states that he has only now appealed the Step Two response and is "waiting for their standard reply to go along with the facility." (1:14-cv-285, Doc. No. 1 at 2-3). However,

anticipating an adverse result from the Step Three response does not excuse Plaintiff from the mandatory exhaustion requirements of the PLRA.

Based on the foregoing review of the record, it appears that Plaintiff has failed to exhaust his administrative remedies prior to filing his § 1983 complaint. Accordingly, this civil action will be dismissed without prejudice.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. (Doc. No. 2).

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**


Signed: October 31, 2014


Frank D. Whitney
Chief United States District Judge

4