IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHVEVILLE DIVISION
1:14-cv-00285-FDW

| | | |
|---|---|---|
| MICHAEL ANTHONY DILWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| T. PRUETT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's "Motion to Re-File" his *pro se* § 1983 complaint which was dismissed on initial review based on Plaintiff's admitted failure to complete the mandatory, three-step administrative remedy procedure ("ARP"), that is maintained by the North Carolina Department of Public Safety ("DPS"), before he filed his complaint.

Plaintiff, who is a prisoner of the State of North Carolina, noted in his complaint that he had appealed the disposition of his Step-One grievance and that at the time he filed his complaint he was awaiting the Step-Two response. (1:14-cv-00285, Doc. No. 1 at 2-3). Based on Plaintiff's admitted failure to complete the ARP Procedure, the Court dismissed the complaint without prejudice pursuant to the provisions of the Prisoner Litigation Reform Act ("PLRA"), codified in 42 U.S.C. § 1997e(a), which provides that all available administrative remedies must be exhausted prior to the filing of a § 1983 complaint by a prisoner.

In his "Motion to Re-File" the complaint, Plaintiff contends that the ARP was still not complete when he filed his complaint through no fault of his own. Plaintiff explains that he should be allowed to refile his complaint because the DPS failed to provide a Step-Three response within 90 days. However, as provided for in the Police and Procedure Manual, and as acknowledged by

Plaintiff, the initial date begins to run from the day the Step-One grievance is accepted.[1] (Id., Doc. No. 7 at 1). As Plaintiff notes, and as his Step-One grievance confirms, the Step-One grievance was accepted on August 15, 2014. (Id., Doc. No. 7: "Motion to Re-File Complaint" at 1; Doc. No. 7-1: Step One Grievance at 8). Plaintiff later filed a "Motion to Correct Defendant's Name" and attached a copy of the Step-Three response to his grievance which is dated November 7, 2014. Thus it appears that Plaintiff may have received the Step-Three response after he filed his § 1983 complaint but before the expiration of 90-days as provided for in the Policy and Procedures Manual. (Id., Doc. No. 10 at 1-2).

Based on the foregoing, the Court finds that Plaintiff shall file a verified statement which identifies the date on which he received the Step Three response within fourteen (14) days from entry of this Order.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Refile Complaint is **DISMISSED without prejudice**. (Doc. No. 7).

**IT IS FURTHER ORDERED** that within fourteen (14) days from entry of this Order, Plaintiff shall file a verified statement that identifies the date on which he received the Step-Three response, and he may renew his Motion to Refile Complaint at that time.

**IT IS FURTHER ORDERED** that Plaintiff's motions to correct the name of Defendant "Pruett" to "Puett" are **GRANTED**. (Doc. Nos. 5, 10).

**IT IS FURTHER ORDERED** that the Clerk is directed to amend the ECF Docket to reflect the amended spelling of "Puett."

---

[1] State of North Carolina Department of Correction Division of Prisons: Police and Procedures: Chapter G, § .0307(f)(2007).

**IT IS SO ORDERED.**

Signed: August 12, 2015

Frank D. Whitney
Chief United States District Judge