IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHVEVILLE DIVISION
1:14-cv-00285-FDW

| | |
|---|---|
| MICHAEL ANTHONY DILWORTH, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| T. PRUETT, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on consideration of Plaintiff's "Motion to Re-File" his *pro se* § 1983 complaint which was dismissed on initial review based on Plaintiff's admitted failure to complete the mandatory, three-step administrative remedy procedure ("ARP") before he filed his complaint.[1] See (1:14-cv-00285, Doc. No. 3: Order) (the findings and conclusions in the Order of dismissal are fully incorporated herein).

Plaintiff was a prisoner of the State of North Carolina at the time he filed his complaint. In his complaint, Plaintiff noted that he had appealed the disposition of his Step-One grievance and that at the time he filed his complaint he was awaiting the Step-Two response. (1:14-cv-00285, Doc. No. 1 at 2-3). Based on Plaintiff's admitted failure to complete the ARP Procedure, the Court dismissed the complaint without prejudice pursuant to the provisions of the Prisoner Litigation Reform Act ("PLRA"), codified in 42 U.S.C. § 1997e(a), which provides that all available administrative remedies must be exhausted prior to the filing of a § 1983 complaint by a prisoner.

In his "Motion to Re-File" the complaint, Plaintiff again admits that he had not exhausted

---

[1] In North Carolina, state prisoners must complete a three-step administrative remedy procedure (the "ARP") in order to properly exhaust their administrative remedies before filing a § 1983 complaint. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008) (discussing the ARP).

1

his administrative remedies prior to filing his § 1983 complaint. (Id., Doc. No. 12) ("Plaintiff received Step 3 response dated 11-7-14 on or after 11-17-14). Plaintiff's complaint was signed on October 24, 2014, (Id., Doc. No. 1 at 6), and it appears that the postmark on the envelope was dated October 28 or 29. (Id., Doc. No. 1-2). In any event, it is clear that Plaintiff had not exhausted his administrative remedies prior to initiating this civil action. Accordingly, Plaintiff's motion to refile his complaint will be denied. See Woodward v. Daugherty, 845 F. Supp. 2d 681, 684 (W.D.N.C. 2012) (It is well-settled that "a prisoner does not comply with the mandatory requirements of 42 U.S.C. § 1997e(a) by exhausting his administrative remedies during the course of litigation; exhaustion must occur before the filing of the lawsuit, or the case must be dismissed.") (citing Moore, supra at 725)). Based on the foregoing, Plaintiff's motion to refile his complaint will be denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Refile Complaint is **DENIED**. (Doc. No. 12).

**SO ORDERED.**

Signed: March 8, 2016

Frank D. Whitney
Chief United States District Judge